UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

MORRIS WEATHERSPOON,

        Plaintiff,                      Case No. 2:16-cv-263

v.                                         Honorable Gordon J. Quist

JILL STRAHAN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Morris Weatherspoon presently is incarcerated at the Baraga Maximum Correctional Facility, though the actions about which he complains occurred while he was housed

at the Kinross Correctional Facility (KCF). He sues the following KCF officials: Mental Health Provider Jill Strahan; and Correctional Officers Kim Esslin, John Thibault, and Michael McDowell.

Plaintiff has filed a 32-page complaint, which consists of repetitive and hyperbolic allegations about a narrow set of facts. He alleges that, on September 16, 2012, Defendants Esslin, Thibault, and McDowell conspired to charge him with a false misconduct for possession of an eight-inch knife. Despite Plaintiff's protestations of innocence, Plaintiff was placed in a six-man cell in administrative segregation. Plaintiff complains that the cell also housed assaultive predators and that Plaintiff feared being sexually assaulted by those prisoners. Plaintiff repeatedly complained, but Esslin, Thibault, and McDowell allegedly ignored his concerns. Defendant Esslin eventually told Plaintiff that, if he wished protective custody, he would need to declare an intent to harm himself, so that he could be placed in the video-observation cell. Plaintiff followed Esslin's instruction, and he was given a suicide vest and blanket and placed in the observation cell.

On September 17, 2012, Defendant Strahan conducted an assessment of Plaintiff's suicide risk. Plaintiff told Strahan that he was not suicidal and that he had only claimed to be suicidal in order to avoid being kept in dangerous administrative segregation. He also told Strahan that he had been falsely accused of the misconduct that put him in segregation. Defendant Strahan allegedly responded harshly, saying that Plaintiff had possessed a knife. Strahan took no action to get Plaintiff back into the general population. Plaintiff contends that, on September 19, 2012, Strahan joined into a conspiracy with Defendants Esslin, Thibault and McDowell, who themselves were continuing a conspiracy against Plaintiff that occurred while Plaintiff was housed at Chippewa Correctional Facility, before Plaintiff was transferred to KCF. He also contends that, despite knowing that continued placement in the suicide cell was detrimental to Plaintiff's mental health, Defendant Strahan refused to release Plaintiff from suicide observation.

Defendants Esslin , Thibault and McDowell continued to ignore Plaintiff's claims of pain and suffering, as well as his declared need to be released so that he could receive essential dental treatment. On September 21, 2012, case manager Amy Klein released Plaintiff from suicide observation. On September 25, 2012, Plaintiff was found not guilty of the misconduct.

Plaintiff alleges that Defendants conspired with each other and with officials at Chippewa Correctional Facility to deprive Plaintiff of his constitutional rights. He contends that Defendants took the alleged actions in retaliation for the grievances Plaintiff filed at Chippewa Correctional Facility. He also alleges that Defendants subjected him to cruel and unusual punishment.

Plaintiff claims that he attempted to file grievances, but he was unable to do so because he was on modified grievance access.[1] He seeks compensatory and punitive damages, together with injunctive relief.

## Discussion

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1]Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ HH. (eff. July 9, 2007). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ KK.

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH.

COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2]

        Plaintiff's complaint is untimely. He asserts claims arising in September 2012. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued at that time. However, Plaintiff did not file his complaint until November 2016, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

        Because Plaintiff's claims are untimely, his case will be dismissed for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

---

[2] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  December 21, 2016                   /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE