UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.                                                            Case No. 2:16-cv-263
                                                              HON. GORDON J. QUIST

JILL STRAHAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Morris Weatherspoon is incarcerated in the Baraga Correctional Facility. Plaintiff filed "The Plaintiff's Motion To Enforce Injunction" (ECF No. 15). Defendants have not responded to Plaintiff's request for injunctive relief. Defendants have filed a motion for summary judgment that is currently pending in this Court. In their motion, Defendants' argue that Plaintiff's claims are precluded because the Court has rejected these claims and issues in *Weatherspoon v. Thibault*, 2:14-cv-108. Plaintiff requests that the court enforce its order and grant the Plaintiff an injunction. Plaintiff states that he is at risk of serious physical and mental injury because he is being unlawfully confined in administrative segregation. Plaintiff asserts that he is at risk of losing parole eligibility. Plaintiff needs four teeth removed and is at risk for heart disease and stroke. Plaintiff asserts that he has legal pleadings and exhibits to place into evidence involving his mental health that reflects negatively on both the MDOC and the Court. Plaintiff asserts that this evidence is at risk of being destroyed. Plaintiff alleges that his litigation is being controlled.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

>    1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>    2. Whether the movant has shown irreparable injury.
>
>    3. Whether the preliminary injunction could harm third parties.
>
>    4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff alleges that Defendants Esslin, Thibault, and McDowell conspired to charge him with a false misconduct for possession of an eight inch knife. As a result of the misconduct ticket, Plaintiff alleges that he was placed in a six-man cell in administrative segregation. Plaintiff asserts that he is being denied necessary medical

care while confined in segregation.  In the opinion of the undersigned, Plaintiff has failed to present evidence showing that he could support a claim that he is being denied his First or Eighth Amendment rights as a result of his placement in segregation.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for injunctive relief (ECF No. 15) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  July 11, 2017              */s/ Timothy P. Greeley*
                                                            TIMOTHY P. GREELEY
                                                            UNITED STATES MAGISTRATE JUDGE