UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MORRIS WEATHERSPOON #471817,

    Plaintiff,                                Case No. 2:16-CV-263

v.                                                 HON. GORDON J. QUIST

JILL STRAHAN,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       This is a civil rights action brought by state prisoner, Morris Weatherspoon, pursuant to 42 U.S.C. § 1983.  On May 11, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court grant Defendant Jill Strahan's motion for summary judgment. (ECF No. 114.)  Plaintiff has filed objections. (ECF No. 118.)  Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

       The question in this case is whether Plaintiff exhausted his available administrative remedies on his claims against Strahan. The magistrate judge recommends granting Strahan's motion for summary judgment because the evidence is so one-sided that there is no genuine issue

of material fact—Plaintiff failed to exhaust. Plaintiff's eleven objections to the R & R boil down to four arguments.[1] The Court addresses each argument in turn.

First, Plaintiff argues that the Sixth Circuit has already decided that he has exhausted his administrative remedies in this case. This Court previously granted Strahan summary judgment based on exhaustion. (ECF No. 77.) On appeal, Plaintiff argued "that Strahan never met her burden to show that he failed to exhaust his administrative remedies because she produced no evidence rebutting his assertion that prison officials denied him grievance forms." *Weatherspoon v. Strahan,* No. 18-2210, at 2 (6th Cir. June 4, 2019). The Sixth Circuit agreed with Plaintiff and vacated the summary judgment because a genuine issue of material fact existed as to whether Plaintiff exhausted administrative remedies. *Id.* at 3. The Sixth Circuit reasoned that Strahan did not rebut Plaintiff's "claim that he did not file a grievance because he was on a modified grievance procedure and was denied the forms when he requested them." *Id.* Plaintiff now argues that the magistrate judge's R & R is contrary to the Sixth Circuit's Order. However, the Sixth Circuit did not prevent this Court from receiving additional evidence on the exhaustion issue. Instead, the Sixth Circuit remanded the case "for further consideration in light of this order." *Id.* As the magistrate judge correctly noted, this Court has discretion to rehear the exhaustion issue. (ECF No. 114 at PageID.823.)

Second, Plaintiff refers to other cases in which the district court denied motions for summary judgment based on exhaustion. *See Weatherspoon v. Williams*, 2:14-cv-108; *Weatherspoon v. Choi*, 1:14-cv-707; *Weatherspoon v. Williams*, 2:17-cv-40. In these cases, the parties made similar arguments regarding exhaustion of administrative remedies. In each case,

---

[1] Plaintiff also disagrees with the magistrate judge's discussion of the remaining claims and remaining Defendants in this case. Strahan is the only remaining Defendant. And although Plaintiff may have alleged additional claims against Strahan, he has not exhausted any claim.

2

Plaintiff argued that he requested grievance forms but the prison officials refused to give him the forms. The district courts, including the undersigned, held that the defendants did not satisfy their burden of establishing that Plaintiff exhausted all *available* administrative remedies. *See Ross v. Blake*, ___ U.S.___; 136 S. Ct. 1850 (2016). The magistrate judge in this case, however, found that Strahan had met her burden. Furthermore, the rulings in Plaintiff's other cases do not prevent the undersigned from ruling in favor of Strahan on the exhaustion issue in the instant case.

Third, Plaintiff argues that he is incapable of exhausting his administrative grievances because of his mental health conditions. It is undisputed that Plaintiff suffers from mental health problems. But, as the magistrate judge noted, Plaintiff successfully filed numerous grievances during the relevant time period. The Sixth Circuit has also called Plaintiff "an experienced litigant." *Weatherspoon v. Thibault*, Case No. 17-1812 at 3 (6th Cir. July 27, 2018). The Court agrees with the magistrate judge's conclusion that Plaintiff's mental health conditions have not made the grievance system unavailable to him.

Finally, Plaintiff objects to the magistrate judge's conclusion that Strahan met her burden to show that Plaintiff did not exhaust his administrative remedies. This is a close call, but the magistrate judge correctly pointed out the inconsistencies that make it inconceivable that Plaintiff exhausted his administrative remedies. The Court, therefore, will adopt the magistrate judge's analysis.

One issue deserves further discussion—the statute of limitations. This case arises from events that occurred on September 17, 2012, and September 19, 2012. In 2014, Plaintiff filed a complaint against approximately 20 MDOC employees for alleged constitutional violations from events that occurred between September 11, 2012, and January 3, 2013. (R.1.)[2] Plaintiff also sued

---

[2] The magistrate judge extensively discussed the procedural posture of *Weatherspoon v. Williams*, 2:14-cv-108, as well as the instant case. Citations to "R." refer to Case No. 2:14-cv-108.

"unknown parties" whom he described as "nurse and/or medical service providers at Kinross Correctional Facility." (*Id.* at PageID.1.)  Strahan was not listed as a defendant, and Plaintiff did not allege any conduct that occurred on September 17, 2012, or September 19, 2012.  On February 4, 2016, the Court granted defendants' motion to sever based on misjoinder and dismissed without prejudice several defendants including the unknown parties. (R.51.)

Nine months later, Plaintiff filed the complaint in the instant case. (ECF No. 1.)  He named Strahan and three other individuals as Defendants.  The Court initially dismissed the case in its entirety based on the statute of limitations. (ECF No. 4.)  Plaintiff then filed a motion for relief of judgment. (ECF No. 6.)  The Court granted the motion in part after determining that the three other Defendants were part of the 2014 case, and the statute of limitations was tolled from the time the complaint was filed to the time of the dismissal without prejudice. (ECF No. 13.)  The Court did not vacate its ruling as to Strahan.  Dissatisfied, Plaintiff filed another motion in which he argued that the claims against Strahan were not barred by the statute of limitations because she was an "unknown party," and Plaintiff sought to learn her identity through discovery. (ECF No. 18.)  Although the Court noted that Plaintiff's arguments were "difficult to follow," the Court granted Plaintiff's motion after concluding Strahan was one of the unknown parties. (ECF No. 47.)

After further review, the Court concludes that Strahan was not one of the unknown parties in the 2014 case; therefore, Plaintiff's claims are barred by the statute of limitations. The Court reaches this conclusion for three reasons.  First, in the body of the complaint in the 2014 case, Plaintiff did not allege any abusive conduct having occurred, specifically on September 17, 2012, or September 19, 2012, which are the critical dates in the instant case.  Second, on page 12 of the complaint in the 2014 case, Plaintiff explained that the unknown parties were "assigned medical

4

duties at Kinross Correctional Facility segregation housing unit from (Saturday, December 8, 2012 through Thursday, January 3, 2013) during first and second shifts." (R.1 at PageID.13.)  In the instant case, however, Plaintiff does not allege that he had any involvement with Strahan after he was released from the suicide observation unit in September 2012.  Third, Plaintiff submitted a Misconduct Sanction Assessment as an exhibit to the complaint in the 2014 case. (R.1-2 at PageID.34.)  The assessment, which is dated September 17, 2012, identifies Strahan as the staff member who performed the evaluation, and Strahan signed the document.  The record clearly establishes that, at the time Plaintiff filed the complaint in the 2014 case, Plaintiff knew the identity of Strahan. In other words, Strahan was not an unknown party.  Instead, Plaintiff chose not to name Strahan as a defendant in that case.  Although Plaintiff filed a motion seeking leave to amend his complaint and include Strahan as a defendant in April 2016 (R.60), the motion was denied (R.63). So, Strahan was never a defendant in the 2014 case.  Therefore, Plaintiff's claims against Strahan were not tolled and are time-barred by the three-year statute of limitations.

     **Accordingly, IT IS HEREBY ORDERED** that the May 11, 2020, Report and Recommendation (ECF No. 114) is **adopted** as the Opinion of the Court.

     **IT IS FURTHER ORDERED** that Defendant Strahan's motion for summary judgment (ECF No. 93) is **GRANTED** for the reasons set forth in the R & R.  Therefore, Plaintiff's claims are **dismissed with prejudice**.

     This case is **concluded**.

     A separate judgment will enter.

Dated: November 20, 2020                          /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE